*Wednesday, June 3, 1992*
## MERIT DOCKET

**92–972.** State ex rel. Rogers v. Taft. In Mandamus. This cause originated in this court on the filing of a complaint for a writ of mandamus regarding an expedited election matter and was considered in a manner prescribed by law. Upon consideration of relator's motion for summary judgment,

IT IS ORDERED by the court that said motion for summary judgment be, and the same is hereby, overruled, effective June 2, 1992.

IT IS FURTHER ORDERED by the court that the writ of mandamus be, and the same is hereby, denied, consistent with the opinion to follow.

MOYER, C.J., SWEENEY, HOLMES, WRIGHT, H. BROWN and RESNICK, JJ., concur.

DOUGLAS, J., would deny the writ as moot.

## MOTION DOCKET

**87–891.** State v. Brown. *Hamilton County,* No. C–850434. On motion for stay. Motion granted.

MOYER, C.J., SWEENEY and DOUGLAS, JJ., dissent.

**91–2112.** In re Guardianship of Rudy. *Trumbull County,* Nos. 90–T–4398 and 90–T–4416. On motion to reconsider granting of extension of time. Motion granted; fifteen days allowed.

**92–536.** State v. Hall. *Delaware County,* No. 91CA12043. On motion to remand and void sentence, and on motion for stay. Motions denied.

**92–847.** State v. Lessin. *Cuyahoga County,* No. 61106. On motion for stay and continuation of bond. Motion granted and bond continued at $10,000.

HOLMES, J., dissents.

**92–972.** State ex rel. Rogers v. Taft. In Mandamus. This cause originated in this court on the filing of a complaint for a writ of mandamus regarding an expedited election matter. Upon consideration of relator's request for a peremptory writ in the first instance,

IT IS ORDERED by the court that said request for a peremptory writ in the first instance be, and the same is hereby, denied, effective May 28, 1992.

**92–1067.** State ex rel. Omarbey v. Franklin Cty. Bd. of Elections. In Prohibition. This cause originated in this court on the filing of a complaint for a writ of prohibition. Upon consideration of relator's request for alternative writ,

IT IS ORDERED by the court that said request for alternative writ be, and the same is hereby, granted, effective June 2, 1992, and it is ordered that any ballots for the write-in candidacy of Pamela Finke be counted and impounded pending final disposition of this case.

HOLMES, J., dissents, would deny the writ, and would allow the votes and counting thereof.

DOUGLAS, J., dissents, would deny the writ, and would order the votes counted but not certified until further order of this court.

## REHEARING DOCKET